# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:18-cv-164-FDW

| | |
|---|---|
| **RICKY HOBART PARSONS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU BEAVER, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1). Plaintiff is proceeding in forma pauperis. (Doc. No. 8).

## I. BACKGROUND

Pro se Plaintiff Ricky Hobart Parsons is an inmate of the State of North Carolina, currently incarcerated at Central Prison in Raleigh, North Carolina. Plaintiff filed this action on October 3, 2018, pursuant to 42 U.S.C. § 1983, naming as Defendants: (1) FNU Beaver, identified as the Superintendent of Alexander Correctional Institution in Taylorsville, North Carolina; (2) FNU Dye, identified as the Assistant Superintendent at Alexander; (3) FNU Murray, identified as an Assistant Unit Manager at Alexander; (4) FNU Padgett, identified as an evening shift sergeant at Alexander; (5) FNU Hensley, identified as an evening shift correctional officer at Alexander; (6) FNU Jolley, identified as an evening shift registered nurse at Alexander; (7) FNU Hatch, identified as an evening shift registered nurse at Alexander; (8) FNU Gaberial, identified as a first shift nurse practitioner at Alexander; and (9) FNU Arnie, identified as a first shift nurse practitioner at Alexander. Plaintiff purports to bring a claim against various

1

Defendants for deliberate indifference to serious medical needs in violation of his Eighth Amendment rights. Specifically, Plaintiff alleges that, on various occasions while Plaintiff was incarcerated at Alexander, Defendants Jolley, Gaberial, Hensley, Hatch, Padgett, and Arnie refused to treat Plaintiff for acute chest pains, specifically refusing to give him nitroglycerin tablets and refusing to order an EKG for Plaintiff. As for the remaining Defendants Beaver, Dye, and Murray, Plaintiff alleges that these Defendants refused to respond to various correspondence and grievances that Plaintiff sent him, thus denying his First Amendment right to access to the courts. As for his injuries, Plaintiff alleges that he "suffered acute pain for several hours due to the medical staff's inadequately responding to my medical emergency or not responding at all. Also I suffered mental anguish because I was afraid of having a heart attack when staff failed to respond to my medical emergency." (Doc. No. 1 at 27). Plaintiff seeks injunctive relief and compensatory damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or

2

delusional scenarios. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

The Court finds that, assuming that Plaintiff's allegations are true, and drawing all reasonable inferences in his favor, Plaintiff's claims are not clearly frivolous. Thus, this action survives initial review.

### IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's claims against Defendants are not clearly frivolous. Therefore, this action survives initial review.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review as to Defendants. <u>See</u> 28 U.S.C. §§ 1915(e); 1915A.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants, who are current or former employees of NCDPS.

Signed: March 18, 2019

_Frank D. Whitney_
Frank D. Whitney
Chief United States District Judge

3