# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-00164-FDW

| | |
|---|---|
| **RICKY HOBART PARSONS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **FNU BEAVER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on its own motion.

In reviewing the docket report in this matter, it appears to the Court that the North Carolina Department of Public Safety ("NCDPS") was unable to procure waivers of service of process for Defendant FNU Jolley, FNU Hatch, FNU Arnie, and FNU Gaberial. [Doc. 13].

On March 8, 2019, the NCDPS filed a document under seal indicating it was unable to procure a waiver of service for these Defendants for the reasons stated in the sealed document. The sealed document provides the last known addresses for Defendants Jolley and Hatch, who were not actually employees of the NCDPS. [Doc. 13]. The NCDPS was unable to locate a last known address for Defendant Arnie, who the NCDPS identified as a locum tenans contract nurse. Finally, the NCDPS states that it was unable to determine the correct name or address for the Defendant identified as FNU Gaberial. [Id.].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's

failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that requests for waivers of service were submitted to the NCDPS, no waivers from Defendants FNU Jolley, FNU Hatch, FNU Arnie, and FNU Gaberial were obtained. As such, it does not appear that these Defendants have received service of process. With the additional information supplied for service on Defendants Jolley and Hatch, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on these Defendants in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 13 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendants Jolley and Hatch.

**IT IS, THEREFORE, ORDERED** that:

(1) The Clerk of Court will send a copy of this Order and Docket No. 13 to the U.S. Marshals Service.

(2) The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendants Jolley and Hatch in accordance with Rule 4.

**IT IS SO ORDERED.**

Signed: June 6, 2019

Frank D. Whitney
Chief United States District Judge