UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-00164-MR

| | |
|---|---|
| RICKY HOBART PARSONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| KEN BEAVER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court sua sponte on its review of the docket in this matter.

Pro se Plaintiff Ricky Hobart Parsons ("Plaintiff") is a prisoner of the State of North Carolina currently housed in Central Prison in Raleigh, North Carolina. Plaintiff filed this action on October 3, 2018, pursuant to 42 U.S.C. § 1983, naming as Defendants Ken Beaver, Eric Dye, Christopher Murray, Perry Padgett, Leigh Hensley, Rhonda Jolley, Bernadette Hatch, FNU Gaberial, and Cathy Arnie. [Doc. 1]. Plaintiff's Complaint survived initial review. [Doc. 9]. Defendants Beaver, Dye, Hensley, Murray, and Padgett waived service. [Docs. 12, 25]. After receiving the last known addresses for Defendants Jolley and Hatch from the North Carolina Department of Public Safety (NCDPS) the Court ordered the U.S. Marshal to serve these

Defendants. [Doc. 14]. Service was made on both Defendants Jolley and Hatch, but Defendant Hatch never answered or otherwise responded to Plaintiff's Complaint.[1] [See Doc. 18]. The NCDPS was unable to locate a last known address for Defendant Arnie, who was a *locum tenens* contract nurse, and was unable to identify Defendant FNU "Gaberial." [See Doc. 13]. Defendants Arnie and Gaberial remain unserved.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This Rule makes clear that the Court must extend the service period if the plaintiff can show "good cause" for the failure to serve. Brooks v. Johnson, 924 F.3d 104, 120 (4th Cir. 2019). "What constitutes 'good cause' for purposes of Rule 4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court." Collins v. Thornton,

---

[1] The Clerk entered default against Defendant Hatch on October 9, 2019. [Doc. 33].

--- F. App'x ---, 2019 WL 3801449, at *1 (4th Cir. Aug. 13, 2019) (citations omitted). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review in this case occurred on March 18, 2019. [Doc. 9]. Plaintiff, therefore, had until June 17, 2019 to serve Defendants Arnie and Gaberial. On October 8, 2020, the Court notified Plaintiff that it would dismiss Defendants Arnie and Gaberial without prejudice unless Plaintiff showed good cause for the failure to timely serve these Defendants. [Doc. 53]. Plaintiff has not responded to the Court's Show Cause Order.

As such, the Plaintiff has not timely shown good cause for his failure to timely serve Defendants Arnie and Gaberial. Further, the Court declines to exercise its discretion to extend the time for service, particularly given the late stage of these proceedings. The Court will, therefore, dismiss Defendants Arnie and Gaberial.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants Arnie and Gaberial are hereby **DISMISSED** as Defendants in this case without prejudice.

**IT IS SO ORDERED**.

Signed: October 31, 2020

Martin Reidinger
Chief United States District Judge

3